## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LEOLA SMITH**
**1812 9th Street NW, #3**
**Washington DC  20001**

    **Plaintiff,**

    **v.**

**CHIEF CATHY L. LANIER**
**Metropolitan Police Department**
**300 Indiana Avenue NW**
**Washington DC  20001**
**in her personal and official capacities,**

**THE DISTRICT OF COLUMBIA**
**441 4th Street NW**
**Washington DC 20001**
**Serve:   Mayor Adrian Fenty and**
**           Attorney General Peter J. Nickles**
**           for the District of Columbia,**

**OFFICER THOMAS ELLINGSWORTH,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:   Officer Thomas Ellingsworth**
**           Address Unknown,**

**SERGEANT MOYE,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:   Sergeant Moye**
**           Address unknown,**

**OFFICER PETZ,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:   Officer Petz**
**           Address unknown,**

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

**OFFICER PEPPERMAN,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:    Officer Pepperman**
          **Address unknown,**

**OFFICER YAMMINE,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:    Officer Yammine**
          **Address unknown,**

**OFFICER HARRIS,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:    Officer Harris**
          **Address unknown,**

**OFFICER BAKER,**
**Metropolitan Police Department**
**individually and in his official capacity,**
**Serve:    Officer Baker**
          **Address unknown,**

                    **and**

**UNKNOWN OFFICERS**
**Metropolitan Police Department**
**individually and in their official capacities,**
**Serve:    Officers to be determined**
          **Addresses unknown**

          **Defendants.**

## VERIFIED COMPLAINT

## I.  INTRODUCTION

Plaintiff Leola Smith respectfully submits this verified complaint seeking relief for the

tortious and unconstitutional actions of the District of Columbia Metropolitan Police Department

-2-

(MPD) and its officers.  Ms. Smith has given notice to the Mayor of the District of Columbia in accordance with District of Columbia Code §12-309.

On July 14, 2007, at approximately 6:55 PM, Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker, together with Sergeant Moye, executed a search warrant based upon a defective underlying affidavit that Officer Ellingsworth prepared.  The purpose of the search warrant was to find drugs at Ms. Smith's home.  The officers broke into and ransacked Ms. Smith's home for over an hour, but did not find any illegal drugs, drug paraphernalia or other contraband.  Despite the damage to Ms. Smith's home and belongings, the officers did not leave a claim form for Ms. Smith.  The Officers  violated Ms. Smith's 4th Amendment right to be secure in her house, papers, and effects, and to be free from an unreasonable search.

## II.  JURISDICTION AND VENUE.

1.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1343, and 42 U.S.C. §§1983 and 1988.  Ms. Smith further invokes this Court's pendent jurisdiction to hear and decide any claims arising under state and common law.

2.  Venue is proper in this court.  All of the actions described in this Complaint took place in the District of Columbia.

## III.  PARTIES.

3.  Plaintiff Leola Smith resides in Washington, D.C.  Her address is 1812 9th Street NW, #3, Washington, DC 20001.

4.  Defendant Cathy L. Lanier is the Chief of the District of Columbia Metropolitan Police Department (MPD), located at 300 Indiana Avenue NW, Washington, DC 20001.  She held

this position at all times relevant to this Complaint. She is being sued in both her official and individual capacities.

5. Defendant District of Columbia is a municipality that owns, operates, manages, directs, and controls the District of Columbia Metropolitan Police Department ("MPD") and is being sued for the unlawful actions of the MPD.

6. Defendant Thomas Ellingsworth is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Officer Ellingsworth is being sued in both his official and individual capacities.

7. Defendant Sergeant Moye is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Sergeant Moye is being sued in both his official and individual capacities.

8. Defendant Officer Petz is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Officer Moye is being sued in both his official and individual capacities.

9. Defendant Officer Pepperman is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At

the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Officer Pepperman is being sued in both his official and individual capacities.

10. Defendant Officer Yammine is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Officer Yammine is being sued in both his official and individual capacities.

11. Defendant Officer Harris is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Officer Harris is being sued in both his official and individual capacities.

12. Defendant Officer Baker is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Third District of the District of Columbia's Metropolitan Police Department (MPD). Officer Baker is being sued in both his official and individual capacities.

13. At all times relevant to this action, the Defendant MPD Police Officers and MPD Chief Lanier were acting under color of law in their authority as police officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

## IV. FACTS.

14.  Ms. Smith reasserts paragraphs 1-13.

15.  Ms. Smith has lived at 1812 9th Street NW in Washington, DC since 1979.

16.  The house is the historic residence of Mary McLeod Bethune, a national pioneer in the
     education of African-Americans and a famous civil rights activist, who resided there from
     1935 to 1948.  The house is in the historical U Street District.

17.  Ms. Smith kept heirlooms and antiques in her home.

18.  Ms. Smith rents out two basement apartments in the 1812 9th Street NW building.

19.  There is a separate entrance for each of the two basement apartments in the building.

20.  On July 14, 2007, at approximately 6:55 PM, Officers Ellingsworth, Petz, Pepperman,
     Yammine, Harris, Baker, and Sergeant Moye broke down the two outer and inner doors to
     Ms. Smith's apartment to execute the vague search warrant based on a deficient affidavit on
     Ms. Smith's home.

21.  The officers did not knock before breaking down the doors.

22.  The officers broke the outer and inner door locks and split the wooden doors.

23.  The search warrant did not name Ms. Smith.

24.  The search warrant did not name either of the lessees.

25.  Ms. Smith was at work when the officers executed the search warrant.

26.  Robert Jones, Ms. Smith's nephew who was visiting, was cooking in the house's kitchen
     when the officers broke through the doors.

27.  An unknown officer handcuffed Mr. Jones.

28.  None of the officers permitted Mr. Jones to telephone Ms. Smith.

29.  The officers threatened to take Mr. Jones to jail, but had no basis for arresting him.

30.  The officers were in Ms. Smith's home for over an hour.

31.  During the search, some of the officers merely opened drawers and looked through the contents.

32.  Mr. Jones overheard one officer then instruct the others to yank out the drawers and dump the belongings over the floor.

33.  The officers yanked out drawers and threw the contents and the drawers on the marble floor.

34.  The officers threw antiques onto the marble floor, breaking them.

35.  The officers dumped the contents of Mr. Jones' suitcases onto the floor.

36.  The officers then went back outside and destroyed the door jambs and locks of both basement apartments.

37.  Keys were available to enter the basement units.  The officers did not knock on either door before breaking into the apartments.  One of the residents of a basement apartment was present.  The resident was handcuffed and told to lie on the floor.  The residents of the other apartment were not present when the officers raided their apartment.

38.  The officers ransacked both basement apartments, destroying the residents' property.

39.  The officers did not leave a claim form for Ms. Smith concerning the damage to her home and belongings.

40.  The officers did not find drugs or drug paraphernalia in Ms. Smith's home or either basement apartment.

41.  The officers did not arrest anyone that day, or subsequently, based on the search.

42.  Ms. Smith did not sleep in her apartment that evening because it was a mess, the doors were not secure and she felt unsafe because she was not sure if officers would enter her home again.

43.  The basis for the search warrant was the deliberately and/or recklessly false affidavit that Officer Ellingsworth prepared.

44.  The affidavit described the property as a "reddish brick single family house with the numerals "1812" posted to the left of the door.

45.  However, the only numerals posted to the left of the door are "181." The "2" is missing and has been missing for several years.

46.  The affidavit alleged that, "within the past seventy-two hours" a confidential informant (CI) contacted Officer Ellingsworth that illegal drug activity had occurred on the premises of 1812 9th Street NW.

47.  The affidavit did not specify what day in the preceding 72 hours the CI contacted Officer Ellingsworth.

48.  The affidavit did not specify what time of day the CI contacted Officer Ellingsworth.

49.  The affidavit did not specify when the CI allegedly witnessed drug sales at 1812 9th Street NW.

50.  The affidavit did not specify where in the building the CI reportedly witnessed drug sales.

51.  The affidavit did not describe the individual(s) who the CI alleged were selling drugs at the address.

52. In the affidavit, Officer Ellingsworth stated that "an M.P.D. officer met with and searched the CI." Officer Ellingsworth did not identify that MPD officer and what day and time the meeting and search took place.

53. In the affidavit, Officer Ellingsworth claimed that an MPD officer took the CI to "the area," but did not identify the officer, the location, or the date and time the officer did so.

54. In his affidavit, Officer Ellingsworth stated the MPD officer gave the CI MPD funds to purchase drugs, but did not specify the amount.

55. In his affidavit, Officer Ellingsworth stated, "[T]he M.P.D. then watched as the CI proceeded directly to 1812 9th St, NW and entered the premises." Officer Ellingsworth did not identify the MPD officers who observed the CI enter the building, what entrance the CI used to enter the building, or if the CI knocked before entering the building.

56. In his affidavit, Officer Ellingsworth stated that the CI "advised that 'it' knocked on the house door and an unknown subject answered." Officer Elligsworth did not describe the "unknown subject" who allegedly answered the door, provide any description of the "unknown subject" by the CI, or claim that the CI had reported buying drugs from the "unknown subject" on previous occasions.

57. In the affidavit, Officer Ellingsworth reported that the CI said that 'it' told the unknown subject that 'it' wanted to purchase cocaine and the unknown subject opened the door and the CI entered the house and received drugs in exchange for money. Officer Ellingsworth did not include any specifics about the drug deal, such as where in the house the deal took place or who gave the CI the drugs.

58. Officer Ellingsworth did not mention in his affidavit whether the MPD kept any records on Ms. Smith and the other residents of the building, previous arrests of the building residents, suspicions of previous drug deals or previous raids and/or arrests.

59. The affidavit did not identify Ms. Smith as owner of the residence at 1812 9th Street NW.

60. The search warrant did not specify where in 1812 9th St NW the alleged suspects were concealing contraband.

61. The search warrant did not specify that the officers were to search the apartments at 1812 9th Street NW.

62. At no time relevant to this incident was there any evidence that Ms. Leola Smith engaged in drug dealing.

63. At no time relevant to this incident was there any evidence that Mr. Robert Jones engaged in drug dealing.

64. At no time relevant to this incident was there any evidence that the residents of the apartments engaged in drug dealing.

65. At no time relevant to this incident did the officers have probable cause to support the sale of drugs at Ms. Smith's home.

66. The District of Columbia owns and operates the MPD.

67. Chief of Police Lanier has stated that she is "responsible and accountable for all activities involving the Metropolitan Police Department and establishes professional standards that help maintain a higher level of integrity and ethical conduct than is generally expected of others." (MPD website, www.mpdc.dc.gov)

## V.  FIRST CAUSE OF ACTION

### CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983
### AND CONSTITUTIONAL CLAIM UNDER THE 4TH AMENDMENT.

68.   Ms. Smith reasserts paragraphs 1-67.

69.   Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye, under the color of law, deprived Ms. Smith of her Fourth Amendment right to be secure in her home, papers, and effects, and to be free from unreasonable search of her home in violation of 42 U.S.C. § 1983.

70.   Officer Ellingsworth violated Ms. Smith's rights when he executed a warrant based on an affidavit that was so deficient and lacking in facts as to render Officer Ellingsworth's belief in probable cause unreasonable.

71.   There was no fact-check review of the affidavit prior to its use to request the search warrant.

72.   The officers failed to verify any information used to support the warrant.

73.   The other officers knew or should have known, as reasonable, well trained officers, that the search was illegal because of the deficient affidavit, despite the judge's signature on the warrant.

74.   Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye intentionally executed the warrant on Ms. Smith's home knowing that the search was unreasonable and a violation of Ms. Smith's 4th Amendment rights.

## VI.  SECOND CAUSE OF ACTION

### CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983
### AND CONSTITUTIONAL CLAIM UNDER THE 4TH AMENDMENT.

75.   Ms. Smith reasserts paragraphs 1-74.

76.   Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye

      violated Ms. Smith's Fourth Amendment right to be secure in her house and free from

      unreasonable search when they executed a search warrant on her home that was facially

      deficient in violation of 42 U.S.C.§ 1983.

77.   The warrant did not specify which of the apartments at 1812 9th Street NW to search.

78.   The warrant did not indicate which of three entrances the officers were supposed to enter to

      execute the warrant.

79.   The officers intentionally ignored that the warrant was facially deficient and proceeded to

      execute the warrant on Ms. Smith's apartment and the basement apartments.

80.   The search was unreasonable.

## VII.  THIRD CAUSE OF ACTION

### CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983
### AND CONSTITUTIONAL CLAIM UNDER THE 4TH AMENDMENT.

81.   Ms. Smith reasserts paragraphs 1-80.

82.   Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye

      violated Ms. Smith's Fourth Amendment right to be secure in her house, papers and effects

      and to be free from unreasonable search when they executed a search warrant on her home

      that was based on a deficient affidavit and lacked necessary particularity in violation of 42

      U.S.C.§ 1983.

-12-

83.   In executing the warrant, the officers broke multiple doors when entering 1812 9th St NW, and each separate apartment, damaged Ms. Smith's and the lessees' property, ransacked and damaged the contents of all three apartments.

84.   Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye intentionally broke the doors and ransacked Ms. Smith's and the lessees' apartments.

85.   The search and subsequent destruction of Ms. Smith's and the lessees' apartments and effects was unreasonable.

## VIII.  FOURTH CAUSE OF ACTION
### CONSPIRACY

86.   Ms. Smith reasserts paragraphs 1-85.

87.   Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye conspired to violate Ms. Smith's Fourth Amendment right to be secure in her home, papers and effects and to be free from unreasonable search when they executed a search warrant on her home that was based on a deficient affidavit and lacked necessary particularity in violation of 42 U.S.C.§ 1983.

88.   The officers intentionally, by their actions and common design, unlawfully conspired, on or before July 14, 2007, to enter Ms. Smith's house and apartment using a warrant based on a defective affidavit and that lacked particularity.

89.   The officers intentionally, by their actions and common design, unlawfully conspired to destroy Ms. Smith's property during the search.

90.   The officers' conspiracy to enter Ms. Smith's home and property was unreasonable.

## IX.  FIFTH CAUSE OF ACTION

### INTENTIONAL TORTIOUS DESTRUCTION OF PROPERTY

91.  Ms. Smith reasserts paragraphs 1-90.

92.  On July 14, 2007, Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye, instead of knocking, intentionally broke down Ms. Smith's two front doors (outer and inner) leading into her home without knocking, leaving the doors damaged.

93.  Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye intentionally broke down the doors of the two basement apartments rented out by Ms. Smith without knocking or attempting to find keys to gain access.  One of the residents was home at the time.

94.  Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye pulled Ms. Smith's drawers out of her bureaus and dumped the contents on the floor.

95.  Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye threw Ms. Smith's breakable antiques and other items onto the floor, destroying them.

96.  As a result of the officers' actions, Ms. Smith had to replace multiple doors and personal items and spend hours returning order to her ransacked home.

## X.  SIXTH CAUSE OF ACTION

### NEGLIGENCE OF OFFICERS

97.   Ms. Smith reasserts paragraphs 1-96 of this complaint.

98.  Officers Ellingsworth negligently prepared an affidavit based on unreliable information and factual inconsistencies, and Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye, without first knocking,  negligently used the resulting warrant to

break down Ms. Smith's two front doors leading into her home leaving the doors damaged and locks broken.

99. Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye negligently broke down the doors of the two basement apartments rented out by Ms. Smith without first knocking or attempting to use keys to gain access.

100. Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye negligently pulled out drawers and threw breakable antiques and other items onto the floor, breaking them.

## XI.  SEVENTH CAUSE OF ACTION

### RESPONDEAT SUPERIOR

101. Ms. Smith reasserts paragraphs 1-100.

102. At all relevant times concerning the incident on July 14, 2007, Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye were acting within the scope of their official duty as Metropolitan Police officers and employees of the District of Columbia.

103. The District is therefore liable for the claims against the defendant officers and should pay appropriate damages to Ms. Smith.

## XII.  EIGHTH CAUSE OF ACTION

### NEGLIGENT TRAINING AND SUPERVISION

104.  Ms. Smith reassert paragraphs 1-103.

105. On or before July 14, 2007, the District of Columbia and MPD Chief Lanier were under the duty to properly educate, train and supervise  MPD officers concerning the rights of

residents under the United States Constitution and the laws of the District of Columbia. MPD officers should have been educated, trained and supervised concerning writing an affidavit and obtaining a search warrant.

106.  The District of Columbia and MPD Chief Lanier, recklessly and without regard for the rights of others, breached their duty to properly educate, train, supervise, investigate and correct improper actions of employee MPD officers.

107.  The District of Columbia and MPD Chief Lanier's failure to properly educate, train, supervise, investigate and correct improper actions of employee MPD officers was the direct and proximate cause of the damages Ms. Smith sustained.

108.  As a result of the District of Columbia and Chief Lanier's failure to act, Ms. Smith suffered a violation of her Fourth Amendment right to be secure in her home, papers, and effects and to be free from unreasonable searches and seizures when the officers entered her home on an invalid warrant and intentionally destroyed her property.

### XIII.  RELIEF REQUESTED

Wherefore, Leola Smith seeks the following relief:

(a)  Compensatory damages in excess of $150,000.00, to include replacement or repair of the personal property the officers damaged in the search.

(b)  Punitive damages as to be determined.

(c)  An apology from the Defendant Officers and Chief Lanier.

(d)  Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

(e)    Any other relief which this Court decides is necessary or appropriate in the interests

of justice.

Respectfully submitted,

**KLIMASKI & ASSOCIATES, P.C.**

May 7, 2008

James R. Klimaski, #243543

May 7, 2008

Lynn I. Miller, #941559

May 7, 2008

Megins Skolnick, #498452

1625 Massachusetts Avenue NW
Suite 500
Washington, DC 20036-2245
(202) 296-5600
Klimaski@klimaskilaw.com
Miller@Klimaskilaw.com
Skolnick@klimaskilaw.com

*Counsel for Leola Smith*

## **VERIFICATION**

I, Leola Smith, have read the above complaint and verify under penalty of perjury that the facts alleged are true to the best of my knowledge and belief.

Executed this ____5th____ day of May, 2008.


_____
Leola Smith

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Leola Smith, Washington, DC | MPD Chief Cathy L. Lanier, the District of Columbia, et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | n/a | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Klimaski & Associates, P.C.<br>1625 Massachusetts Avenue NW -- Suite 500<br>Washington, DC  20036-2245<br>202-296-5600 | Office of the D.C. Attorney General or the U.S. Attorney for D.C. |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ⊙ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
The 4th Amendment to the US Constitution (right to be secure in her home, etc.); 28 USC 1331 and 1343; 42 USC 1983 and 1988.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 150,000.00   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE May 7, 2008   SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.