UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEOLA SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-0808 (ESH) |
| | : | |
| CATHY L. LANIER, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**DEFENDANTS DISTRICT OF COLUMBIA AND POLICE CHIEF CATHY LANIER'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants District of Columbia ("District") and Police Chief Cathy Lanier, by

and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully

move this Honorable Court for an order:

1.      Dismissing Plaintiff's Complaint against Police Chief Cathy
Lanier because Plaintiff's lawsuit against Chief Lanier is an
official-capacity suit.  Dismissal is appropriate since the District of
Columbia is already a party defendant and plaintiff must look to
the District for her relief.

2.      Dismissing Plaintiff's Complaint against Police Chief Cathy
Lanier because she is entitled to the defense of qualified immunity.

3.      Dismissing Plaintiff's claim against the District under 42 U.S.C. §
1983, because she has failed to sufficiently plead a viable claim
under the stature.

4      Dismissing Count IV of the Complaint because Plaintiff's
conspiracy claim is barred by the intracorporate conspiracy
doctrine and, therefore, must be dismissed.

5.      Refusing to exercise supplemental jurisdiction over Plaintiff's
common law claims.

A Memorandum of Points and Authorities in support of this Motion, along with a

proposed Order, is attached hereto and incorporated herein by reference.  Because this is

a dispositive motion, Defendants are not required to confer with other parties per LCvR

7(m).

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


____/s/ Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEOLA SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-0808 (ESH) |
| | : | |
| CATHY L. LANIER, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM AND POINTS OF AUTHORITIES SUPPORTING
DEFENDANTS' MOTION TO DISMISS**

In support of their dispositive motion, Defendants District of Columbia ("the

District") and Police Chief Cathy Lanier herein submit their memorandum of points and

authorities.

**I.      STATEMENT OF FACTS**

This case stems from a July 14, 2007, (6:55 p.m.), search of Leola Smith's home

at 1812 9th Street, NW. *See* Complaint, generally.    Plaintiff alleges that Officer Thomas

Ellingsworth, along with Officers Petz, Pepperman, Yammine, Harris, Baker and

Sergeant Moye, executed a search warrant based on a defective affidavit that Officer

Ellingsworth prepared in reliance on a confidential informant.  Complaint, at ¶¶ 43 – 61.

Plaintiff alleges that the officers broke into and ransacked her home and both basement

apartments for more than an hour without finding any illegal drugs, drug paraphernalia or

other contraband.  Complaint, at ¶¶ 30, 38 & 40.

Plaintiff was not at home when the search occurred, but her visiting nephew —

Robert Jones — was allegedly placed in handcuffs during the search.  Complaint, . at ¶¶

25 – 27.  An unidentified lessee in one of the basement apartments was also handcuffed

during the search.  Complaint, at ¶ 37.  No arrests were made.  Complaint,  at ¶ 41.

According to Plaintiff, the officers failed to leave a claim form concerning damage to her

home and contents.  Complaint, at ¶ 39.

   Plaintiff argues that MPD violated her right against unreasonable searches and

seizures guaranteed her by the 4th Amendment to the U.S. Constitution and, thereby,

violated the Civil Rights Act, 42. U.S.C. § 1983 (Counts I, II & III).  Specifically,

Plaintiff claims that: (1) the affidavit lacked facts sufficient to make Officer Ellsworth's

belief in probable cause reasonable; and (2) the warrant was facially deficient because it

did not specify which of three entrances the officers should enter and, otherwise, did not

specify whether the main house or one of two separate rental units was to be searched.

Plaintiff also asserts civil conspiracy (Count IV), intentional tortious destruction of

property (Count V), negligence (Count VI), respondeat superior (Count VII) and

negligent training & supervision (Count VIII) claims against these Defendants.  Plaintiff

seeks $150,000 in compensatory damages in addition to unspecified sums as punitive

damages and attorney fees.  Further, Plaintiff requests an apology from Chief Lanier and

the other officers.  See Complaint, at –Section XIII(a) through (d).

**STANDARD OF REVIEW**

**II.**  **STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b) (6)**

   Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party

has failed to set forth a claim for which s/he is entitled to relief.  The Supreme Court has

held that the proper test for the sufficiency of a pleading is whether the claim the

Complaint purports to set forth is "plausible."   *See Bell Atlantic Corp. v. Twombly,* 127

S. Ct. 1955, 1966 (2007).  The determination of whether a dismissal is proper must be

made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc., v.*

*United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Twombly,* 127 S.Ct. at 1964-65.  "When the allegations in a

complaint, however true, could not raise a claim of entitlement to relief, this basic

deficiency should be exposed at the point of minimum expenditure of time and money by

the parties and the court."  *Id.* at 1966.

### ARGUMENT

### III.    PLAINTIFF'S OFFICIAL-CAPACITY LAWSUIT AGAINST DEFENDANT LANIER MUST BE DISMISSED.

The lawsuit against Defendant Cathy Lanier, Chief of the District of Columbia

Metropolitan Police Department ("MPD"), is an official capacity lawsuit.  Government

officials sued in their official capacities are not personally liable for damages.  Instead, a

plaintiff must look to the municipality.  *See Atchinson v. District of Columbia,* 73 F.3d

418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  Courts

have routinely dismissed corresponding claims against individuals named in their official

capacity as "redundant and an inefficient use of judicial resources."  *Robinson v. District*

*of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005).  The U.S. Supreme Court has ruled

upon the issue of official-capacity suits — holding that:

> official-capacity suits…"[g]enerally represent only another way of
> pleading an action against an entity of which an officer is an agent."  As
> long as the government entity receives notice and an opportunity to
> respond, an official-capacity suit, is in all respects other than name, to be
> treated as a suit against the entity.  …The real party in interest is the

entity.  Thus, …a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985); s*ee also, Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992).

Though Plaintiff claims to be suing Chief Lanier in both her "individual and official capacities," there are no allegations that Chief Lanier was directly involved in the search of Plaintiff's home.  See Complaint at ¶ 4.  Instead, in each count, Plaintiff avers that specific officers (other than Chief Lanier) engaged in specific acts that purportedly caused her harm.  *See, e.g.* Complaint at ¶¶ 69, 76, 82, 87, 92, 98 and 102.  The lone count in which Chief Lanier is specifically mentioned is Plaintiff's Eighth Cause of Action for "negligent training and supervision."  See Complaint at ¶¶ 104 – 108.  In this regard, Chief Lanier's presence would be duplicative as she is being sued in her official capacity only, and the District is already a party defendant.  Moreover, an application of the established case law in the District clearly demonstrates that Plaintiff is not entitled to duplicative recovery and must look to the District for any requested relief.

In *Officer Linda Cooke-Seals v. District of Columbia*, 973 F. Supp. 184 (D.D.C. 1997), the Court stated that:

> A suit against an individual in her official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit.  See *United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.4 (7th Cir. 1995); see also *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (suit against employee in official capacity operates as suit against employer).  Where the suit has been filed against the employer (here the District of Columbia) and one or more employees, however, the claims against the employees merge with the claim against the employer.  *Gary v. Long, supra*, 59 F.3d at 1399.

Because an official capacity suit against an individual is the functional equivalent of a

suit against the employer, Plaintiff's claims against Chief Lanier are redundant and an

inefficient use of judicial resources. *See Busby v. City of Orlando,* 931 F.2d 764, 772

(11th Cir. 1991). Therefore, dismissal of this case against Chief Lanier is appropriate.

**IV.    CHIEF LANIER IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity "is an immunity from suit rather than a mere defense to

liability. . ."; thus, questions of immunity should be resolved "at the earliest possible

stage of the litigation." *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991). After an

assertion of qualified immunity, public officials are protected from suit if their official

acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly

established" at the time of the alleged illegal action. *See Anderson v. Creighton,* 483 U.S.

635 (1987); *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). Plaintiff must prove that the

actor's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

If a right has in fact been violated, then the court must assess "…whether it would be

clear [or foreseeable] to a reasonable officer that his/her conduct was unlawful in the

situation he/she confronted." *Saucier,* 533 U.S. at 202; *also see, Pugh v. Rockwall

County,* 2000 U.S. Dist. LEXIS 3081 (N.D. Tex. 2000). Officials can only be held liable

in those instances when a plaintiff can prove that they were "deliberately indifferent" to a

known risk of serious harm..

A police officer should prevail on the qualified immunity defense even if he/she is

mistaken, if a reasonable officer could have believed that the action taken was not in

violation of clearly established constitutional law. *Anderson*, 483 U.S. at 638. As noted

by Justice Scalia, "it is inevitable that law enforcement officials will, in some cases,

reasonably but mistakenly conclude that probable cause is present, and we have indicated

that in such cases those officials – like other officials who act in ways they reasonably

believe to be lawful – should not be held personally liable." *Id.* at 641.  Qualified

immunity thus protects all but the plainly incompetent or those who knowingly violate

the law.   A police officer therefore should prevail on a claim of qualified immunity if a

reasonable police officer possessing the same information could have believed that

his/her conduct was lawful.  *District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C.

1994).

Defendant Lanier is the Chief of the D.C. Metropolitan Police Department.  *See*

Complaint, at ¶ 4.  In order to defend herself in this Court action, defendant Lanier **must**

be placed on notice of the specific constitutional right she violated.  While plaintiff names

Chief Lanier as a party defendant, she does not specify what role she played in the search of

plaintiff's residence.  See Complaint, generally.  Other than make general averments with

respect to Chief Lanier's legal duties, Plaintiff has not averred what specific action Chief

Lanier took or failed to take that violated her constitutional rights.  *See* Complaint,

generally.

No constitutional liability exists where the State actors "had no hand in creating a

danger but [simply] 'stood by and did nothing when suspicious circumstances dictated a

more active role for them.'" *See Reed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993)

(quoting *Kallstrom v. City of Columbia*, 136 F.3d 1055, 1066 (6th Cir. 1998); *Armijo v.*

*Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1262-63 (10th Cir. 1998); *Frances-Colon v.*

*Ramirez*, 107 F.3d 62,  64 (1st Cir. 1997); *Estate of Stevens v. City of Green Bay*, 105

F.3d 1169, 1176-77 (7th Cir. 1997);  *Johnson v. Dallas Indep. Sch. Distr.*, 38 F.3d 198,

201 (5th Cir. 1994); *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993);

*Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc); *L.W. v.*

*Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992). Because Plaintiff has not pled that defendant

Lanier took affirmative steps which violated her constitutional rights, her claims fail as a

matter of law.

V.    **PLAINTIFF HAS FAILED TO PLEAD A VIABLE CONSTITUTIONAL CLAIM
      AGAINST THE DISTRICT.**

      Plaintiff seeks to hold the District liable under 42 U.S.C. § 1983, for the alleged

constitutional misconduct committed by D.C. Metropolitan Police Department members.

See Complaint, at ¶¶ 69-85.   However, under § 1983, a municipality cannot be held

liable under principles of *respondeat superior*.   *See* <u>Triplett v. District of Columbia</u>, 108

F.3d 1450, 1453 (D.C. Cir. 1997), <u>citing</u> *Monell v. New York City Dept. of Social*

*Services*, 436 U.S. 658 (1978). Instead, the U.S. Supreme Court has identified a two-

prong analysis when a § 1983 claim is asserted against a municipality: (1) whether

plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is

responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120

(1992). Under *Twombly,* Plaintiff must set forth facts to satisfy both prongs established

by *Monell*. It is clear that Plaintiff has failed to do so.

      Plaintiff's Complaint is devoid of any facts to support any claim that her injuries

resulted from a District custom, practice or policy. *See* Complaint, generally. Section

1983 does not create any substantive rights, it merely provides remedies for deprivations

of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816

(1985). Absent facts to support the District's liability under 42 U.S.C. § 1983, for

Plaintiff's injuries, dismissal of the District is mandated.

**VI.    PLAINTIFF'S CONSPIRACY CLAIM IS BARRED BY THE INTRACORPORATE CONSPIRACY DOCTRINE.**

Count IV of the Complaint suggests that Officers Ellsworth, Petz, Pepperman, Yammine, Harris and Baker as well as Sergeant Moye conspired to violate Plaintiff's Fourth Amendment right against unreasonable searches and seizures.  See Complaint at ¶ 87.  Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means.  *Graves v. U.S.*, 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied*, 967 F. Supp. 572.  However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agents are the acts of the corporation."  *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted).  This general rule has been applied in cases involving the District and its agencies.  *See Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983), and *Michelin v. Jenkins*, 704 F. Supp. 1 (D.D.C. 1989).  In dismissing plaintiff's § 1985 claim in *Gladden*, for example, the court said that "the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity."  *Gladden*, *supra*, 558 F. Supp. at 679.  Plaintiff has alleged a single act — a purportedly unreasonable search —by a single entity, the District of Columbia acting through its agents at the Metropolitan Police Department.  Therefore, Plaintiff has failed to plead facts to support a conspiracy claim against these Defendants.  Therefore, Count IV must be dismissed.

VII.    **THE COURT SHOULD NOT ASSERT SUPPLEMENTAL JURISDICTION OVER
        PLAINTIFF'S COMMON LAW CLAIMS.**

This Court should not assert "supplemental jurisdiction" over the state claims since

there are no viable federal law claims in Plaintiff's Complaint. *See United Mine Workers v.*

*Gibbs,* 383 U.S. 715 (1966). The factors to be considered by the court under the

"supplemental jurisdiction doctrine" are a) judicial economy, b) convenience, c) fairness, and

d) comity. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988). It is a well founded

principle that federal courts should avoid making needless decisions concerning state law in

an effort to allow the state courts to make decisions on laws well within their expertise. In

*Gaubert v. Gray*, the Court dismissed the plaintiff's constitutional claims on the grounds of

qualified immunity. 747 F. Supp. 40, 50 (D.C. Cir. 1990). Noting that "pendent jurisdiction is

a doctrine of discretion, not of plaintiff's right," the court also dismissed the plaintiff's four

common law claims. *Id.* Citing the Supreme Court's decision in *United Mine Workers of*

*America v. Gibbs*, 383 U.S. 715, 726 (1966), the District Court wrote:

> Needless decisions of state law should be avoided both as a matter of
> comity and to promote justice between the parties, by procuring for
> them a sure-footed reading of applicable law. Certainly, if the federal
> claims are dismissed before trial, even though not insubstantial in a
> jurisdictional sense, the state claims should be dismissed as well.
> *Gaubert*, 747 F. Supp. at 50.

In this case, Plaintiff's constitutional claims against these Defendants are barred under the

*Monell* doctrine as against the District, and based on official-capacity and qualified immunity

as against Defendant Lanier. *See Monell*, 436 U.S. at 694.  Comity and justice mandates

dismissal of Plaintiff's remaining common law claims, as this case is in its earliest stages of

litigation, as all defendants have not been served, nor has discovery begun.

**WHEREFORE**, based on the foregoing, Defendants respectfully request an

Order dismissing with prejudice Plaintiff's Complaint against Police Chief Cathy Lanier

and the District of Columbia.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


____/s/ Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEOLA SMITH,                                          :
                                                     :
      Plaintiff,                                 :
                                                     :
v.                                                   :          C.A. No.: 08-0808 (ESH)
                                                     :
CATHY L. LANIER, *et al.,*                           :
                                                     :
      Defendants.                                :
_____:

## ORDER

UPON CONSIDERATION of Defendants District of Columbia and Police Chief

Cathy Lanier's Motion to Dismiss, the Memorandum of Points and Authorities in

Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this

_____ day of _____ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's

claims against Defendants Cathy Lanier and the District are **DISMISSED WITH**

**PREJUDICE** for the reasons set forth in the motion.


_____
**HON. ELLEN S. HUVELLE**
Judge, U.S. District Court
For the District of Columbia