UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH<br><br>　Plaintiff<br><br>　v.<br><br>MPD CHIEF CATHY LANIER,<br>THE DISTRICT OF COLUMBIA,<br>*et al.*,<br><br>　Defendants | Case No. 1:08–cv– 0808 –ESH<br><br>Judge Ellen Segal Huvelle<br><br>June 27, 2008 |

**PLAINTIFF LEOLA SMITH'S MOTION TO FILE
OPPOSITION TO MOTION TO DISMISS BY DISTRICT OF
COLUMBIA AND CHIEF CATHY LANIER ONE DAY LATE**

　Plaintiff Leola Smith, through counsel, respectfully submits this motion to file her Opposition to the Motion to Dismiss by Defendants District of Columbia and Chief Cathy Lanier today, Friday, June 27, 2008. The opposition was due Thursday, June 26, 2008. Counsel inadvertently miscounted the days in which counsel had to respond.

　Counsel for Ms. Smith telephoned opposing counsel, Assistant Attorney General Dwayne C. Jefferson, today, Friday, June 27, 2008, concerning this motion. Opposing counsel refused to consent to this motion.

　The District of Columbia and Chief Cathy Lanier will not suffer prejudice if this Court grants the motion. The opposition is finished and is attached to this motion. If need be, counsel for Ms. Smith will consent to a one-day extension for Defendants to file their reply to the opposition.

A proposed order also accompanies this motion.

In light of the above, this Court should grant this motion to file the opposition one day late.

                                                  Respectfully submitted,

June 27, 2008                            /s/   *Lynn I. Miller*
                                          Lynn I. Miller, #941559

June 27, 2008                            /s/   *James R. Klimaski*
                                          James R. Klimaski, #243543
                                          Klimaski & Associates, P.C.
                                          1625 Massachusetts Avenue NW – Suite 500
                                          Washington, DC  20036-2245
                                          202-296-5600
                                          Miller@Klimaskilaw.com
                                          Klimaski@Klimaskilaw.com

                                          ***Attorneys for Leola Smith***

**Certificate of Service**

I certify that the foregoing *Plaintiff Leola Smith's Motion to file Opposition to Motion to Dismiss by District of Columbia and Chief Cathy Lanier One Day Late* will be served to the following counsel for Defendants in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on June 27, 2008:

DWAYNE C. JEFFERSON
Assistant Attorney General
Office of the D.C. Attorney General
441 4th Street NW
6th Floor South
Washington, D.C. 20001
(202) 741-0554 fax
dwayne.jefferson@dc.gov

                                                 */s/ Jon Pinkus*
                                                 Jon Pinkus
                                                 Klimaski and Associates, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH<br><br>    Plaintiff<br><br>    v.<br><br>MPD CHIEF CATHY LANIER,<br>THE DISTRICT OF COLUMBIA,<br>*et al.*,<br><br>    Defendants | Case No. 1:08–cv– 0808 –ESH<br><br>Judge Ellen Segal Huvelle<br><br>June 27, 2008 |

**PLAINTIFF LEOLA SMITH'S OPPOSITION TO
THE MOTION TO DISMISS OF DEFENDANTS
DISTRICT OF COLUMBIA AND POLICE CHIEF CATHY L. LANIER**

Plaintiff Leola Smith, through counsel, respectfully files this opposition to the motion to dismiss of Defendants District of Columbia and Police Chief Cathy L. Lanier. This Court should deny the motion concerning the following issues: [1]

>   1.  The Defendants' claim that Ms. Smith does not set forth sufficient facts to support the District's custom, policy or practice of failure to train and instruct officers concerning underlying affidavits and search warrants.
>
>   2.  The Defendants' defense that intracorporate conspiracy doctrine applies to a § 1983 conspiracy claim.
>
>   3.  The Defendants' argument that the Court should dismiss the common law claims.

---

[1] Ms. Smith will dismiss Chief Lanier in her official capacity and the claim for lack of training and the respondeat superior claim against the District of Columbia.

## I.  STATEMENT OF FACTS.

This case arises from a an invalid and unconstitutional search of Ms. Smith's home on July 14, 2007, at approximately 6:55 PM.  The Defendant Officers Thomas Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye executed a search warrant based upon a defective underlying affidavit that Officer Ellingsworth prepared.

The purpose of the search warrant was to find drugs that a confidential informant (CI) purportedly purchased at Ms. Smith's home in the 72 hours preceding the search.  The warrant was defective in that it did not, among other defects, identify the MPD officer who accompanied the CI to Ms. Smith's home or the seller of the drugs, state the date or time the alleged buy took place, specify the amount of MPD money the CI used for the buy, accurately describe Ms. Smith's house, and mention any evidence about drug-related incidents at Ms. Smith's home.

The MPD did not have any evidence that Ms. Smith was involved with drugs.  Ms. Smith is a limousine driver for the District of Columbia Convention Center and is an active union member.

She has owned and lived in her home at 1812 9th Street NW since 1979.  Ms. Smith's home is the historic residence of Mary McLeod Bethune, a national pioneer in the education of African-Americans and civil rights activist, who resided there from 1935 to 1948.  The house is in the historical U Street District.  Ms. Smith kept heirlooms and antiques in her home.  Ms. Smith rents out two basement apartments, with separate entrances, in the 1812 9th Street NW building.

The officers broke into and ransacked Ms. Smith's home for over an hour, but did not find any illegal drugs, drug paraphernalia or other contraband.  The officers broke the outer and

inner door locks and split the wooden doors. The officers yanked out drawers and threw the contents and the drawers on the marble floor, threw antiques onto the marble floor, breaking them and dumped the contents of Ms. Smith's nephew Robert Jones' suitcases onto the floor. The officers then went back outside and destroyed the door jambs and locks of both basement apartments and searched them.

Despite the damage to Ms. Smith's home and belongings, the officers did not leave a claim form for Ms. Smith. Nor did Ms. Smith ever receive an explanation why the officers broke into her home and the apartments and destroyed property during the searches.

Ms. Smith filed this complaint on May 9, 2008, against the District of Columbia, Police Chief Cathy L. Lanier and the MPD officers involved in swearing out the search warrant and underlying affidavit and executing the search.

## II. STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(b)(6).

The requirements for a complaint are well-established. As the District of Columbia Circuit explained in Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc., 525 F.3d 8, 15 (D.C. Cir. 2008), explained:

> Ordinarily, a sufficient complaint "contain[s] a short and plain statement of the claim showing that the pleader is entitled to relief," enough to give a defendant "fair notice of the claims against him."

Moreover, in deciding a Rule 12(b)(6) motion, the court:

> ... "constru[es] the complaint liberally in the plaintiff's favor, "[a]ccepting as true all of the factual allegations contained in the complaint ... with the benefit of all reasonable inferences derived from the facts alleged ...."

Id. (Citations omitted).

Defendants cite <u>Bell Atlantic v. Twombly</u>, 127 S.C. 1955, 1966 (2007), for the proposition that the proper test for the sufficiency of a pleading under Fed. R. Civ. Pro. 12(b)(6) is whether the claim is "plausible." (Def. Mem. at 5).[2] This interpretation of <u>Twombly</u>, however, is erroneous.

<u>Aktieselskabet</u> specifically addressed this "plausibility test" interpretation. As the court there explained:

> ... the district court interpreted *Twombly* as establishing a new threshold for complaints; enough facts to "clarify the grounds" on which each claims rests and "nudge[] their claims across the line from conceivable to plausible." ... Many courts have disagreed about the import of *Twombly*. We conclude that *Twombly* leaves the long-standing fundamentals of notice pleading intact.

<u>Id</u>.

<u>Aktieselskabet</u> further noted that <u>Twombly</u> upheld the pleading standard of Rule 8 — that the Complaint simply provide notice of the case's general nature and the circumstances or events upon which the claim is based. <u>Id</u>. at 16. Therefore, said <u>Aktieselskabet</u>, a specific quantity of facts was not required, but only:

> "a short and plain statement of the claim showing that the pleader is entitled to relief."

<u>Id</u>.

Concerning the lower courts' imposition of 'various requirements of particularity" as to complaints, <u>Aktieselskabet</u> stated:

> The Supreme Court has continually pruned back such requirements, with the admonition that we are not to impose heightened pleading requirements. ... After decades of

---

[2] Defendants did not paginate the pages. The reference is to the electronic pagination.

>consistency, we will not lightly assume the Supreme Court
>intended to tighten pleading standards.

Id..

About the "heightened pleading standard in Twombly, the Aktieselskabet court concluded:

>In sum, *Twombly* was concerned with the plausibility of an inference of conspiracy, not with the plausibility of a claim. A court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success, bor a complaint "may proceed even if it appears 'that a recovery is very remote and unlikely,'" ... a complaint "may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations .... " Further, the court must assume "all the allegations in the complaint are true (even if doubtful in fact)" ... and the court must give the plaintiff "the benefit of all reasonable inferences derived from the facts alleged." ...

Id. at 17. (Citations omitted).

Using the correct interpretation of Twombly, this Court should deny Defendants' motion to dismiss.

### III. ARGUMENT.

#### A. Ms. Smith Sets Forth Sufficient Facts to Support A Custom, Policy or Practice of Failure to Train and Instruct Its Officers Concerning Underlying Affidavits, Search Warrants and Executing Search Warrants. [3]

Defendants contend that Ms. Smith did not set forth sufficient facts to establish that the District of Columbia is liable under 42 U.S.C. § 1983 for inadequacy of police training as to

---

[3] As Ms. Smith explained in her footnote 1 above, she will dismiss the respondeat superior claim against the District of Columbia. Therefore, Ms. Smith will not discuss this claim in this argument.

preparing an affidavit in support of a search warrant, swearing out the search warrant and then executing the warrant.

However, dismissal would be improper because Ms. Smith has provided sufficient facts in her Complaint. In <u>Maniaci v. Georgetown University</u>, 510 F. Supp. 2d 50, 61(D.D.C. 2007), this Court held:

> [A]t the pleading stage, only an allegation of the existence of a policy, practice, or custom and its causal link to the constitutional deprivation is required.

Ms. Smith has made this allegation, claiming:

> 103. On or before July 13, 2007, the District of Columbia and MPD Chief Lanier were under the duty to properly educate MPD officers concerning the rights of residents under the U.S. Constitution and District of Columbia laws, including writing an affidavit and obtaining a search warrant, train, supervise, investigate and correct improper actions of employee MPD officers.
>
> 104. The District of Columbia and MPD Chief Lanier, recklessly and without regard for the rights of others, breached their duty to properly educate, train, supervise, investigate and correct improper actions of employee MPD officers.
>
> 105. The District of Columbia and MPD Chief Lanier's failure to properly educate, train, supervise, investigate and correct improper actions of employee MPD officers was the direct and proximate cause of the damages Ms. Smith sustained.
>
> 106. As a result of the District of Columbia and Chief Lanier's failure to act, Ms. Smith's Fourth Amendment right to be protected against unreasonable searches and seizures [was violated] when the officers entered her home on an invalid warrant and intentionally destroyed her property.

(Smith Complaint as noted).

Ms. Smith also alleged, in detail, the actions of the police officers:

13. At all times relevant to this action, the Defendant Police Officers and Chief were acting under color of law in their authority as police officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

\*\*\*

20. On July 14, 2007, at approximately 6:55 pm, Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye broke down the two outer and inner doors to Ms. Smith's apartment to execute the vague search warrant based on a deficient affidavit on Ms. Smith's home.

\*\*\*

33. The officers yanked out drawers and threw the contents and the drawers on the marble floor.

34. The officers threw antiques onto the marble floor, breaking them.

\*\*\*

43. The basis for the search warrant was deliberately and/or recklessly false affidavit that Officer Ellingsworth prepared.

44. The affidavit described the property as a "reddish brick single family house with the numerals "1812" posted to the left of the door.

\*\*\*

45. However, the only numerals posted to the left of the door are "181."  The "2" is missing and has been missing for several years.

\*\*\*

49. The affidavit did not specify when the CI allegedly witnessed drug sales at 1812 9th Street NW.

50. The affidavit did not specify where in the building the CI reportedly witnessed drug sales.

>51. The affidavit did not describe the individual(s) who the CI alleged were selling drugs at the address.

Id.

This case falls squarely within Barnhardt v. District of Columbia, No. 97-0624, 2008 U.S. Dist. LEXIS 44355, at **8-10 (D.D.C. June 9, 2008), in which this Court denied a motion to dismiss a § 1983 claim based on failure to train.  The Defendants in Barnhardt claimed that dismissal was appropriate because the allegation on training and supervision was "vague and unsupported." Id. at *8.

This Court disagreed, pointing out that the complaint "includes detailed factual allegations regarding the conduct of [the police officers]. Id.  The plaintiff claimed that the officers arrested him, partially stripped him, threw a bag into his vehicle and then searched his vehicle.  The bag contained drugs, which the officers claimed were the plaintiff's. Id. at **2-4.  The Court also stated that it was in error to read the failure to train paragraph "in isolation" from the allegations specifying the officers' actions against the plaintiff. Id.

The Court stated:

>Plaintiff's allegation that the District of Columbia "knowingly or negligently failed to instruct, supervise, control and discipline [the officers] in the performance of their duties," creating an "environment in which [the officers] were permitted to conspire and falsely arrest Plaintiff for their personal motives" is adequate to survive defendants' motion to dismiss at this stage of the proceedings, prior to discovery.

Id. at **9-10.

Since Ms. Smith's complaint includes specific allegations of the officers' misconduct in addition to the allegations of the failure to train, this Court should deny defendants' motion to dismiss this claim.

**B. The Intracorporate Conspiracy Doctrine Does Not
Apply to the Police Officers' § 1983 Conspiracy.**

Defendants contend that the intracorporate conspiracy doctrine bars the police officer conspiracy Ms. Smith alleged in her Complaint and ask the Court to dismiss these claims. Dismissal, however, would be improper   This Court made clear in <u>Kivanc v. Chief Charles Ramsey</u>, 407 F.Supp.2d 270, 276 (D.D.C. 2006), that the intracorporate conspiracy doctrine does not protect defendant police officers from "conspiracy claims brought under Section 1983 based on police misconduct."

The conspiracy claims in the Complaint focused on the police officers:

> 85. Officers Ellingsworth, Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye conspired to violate Ms. Smith's Fourth Amendment right to be secure in her house, papers and effects and free from unreasonable search when they executed a search warrant on her home that was based on a deficient affidavit and lacked necessary particularity in violation of 42 U.S.C. § 1983.
>
> 86.  The officers intentionally, by their actions and common design, unlawfully conspired, on or before July 14, 2007, to enter Ms. Smith's house and apartment[s] using a warrant based on a defective affidavit and lacked particularity and once in Ms. Smith's apartment destroyed her effects.
>
> 87.  The officers' conspiracy to enter Ms. Smith's home and destroy her home and effects was unreasonable.

The above allegations establish that Ms. Smith was complaining of an unlawful conspiracy to commit an unlawful act — the unreasonable search.  This unlawful action does not fall within routine police department decision-making.

This case falls squarely within <u>Kivanc</u>.  There, the plaintiff brought a conspiracy claim against a group of District of Columbia police officers who assaulted and battered him and then

attempted to cover-up the assault and battery with a false police report. 407 F. Supp.2d at 275.

Defendants claimed that:

> ... the "intracorporate conspiracy doctrine" prevents plaintiff from perusing his conspiracy claim, arguing that "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."

Id.

This Court in Kivanc rejected the intracorporate conspiracy doctrine defense. This Court stated that:

> The intracorporate conspiracy doctrine was created "to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory and there has been held by most courts not to shield defendants from conspiracy claims brought under Section 1983 based on police misconduct.

Id. at 275-76, *citing*, Newsome v. James, 200 U.S.Dist. LEXIS 5678, at *46 (N.D. Ill. 2000).

The Kivanc Court also explained that in Newsome, the police officers' decisions were "not the product of routine police department decision-making," and therefore "the conduct plaintiff challenges here does not fit the mold" of the intracorporate conspiracy doctrine cases. Id. at 276.

Kivanc concluded that:

> The Court declines the defendants' invitation to adopt a categorical policy that it is legally impossible for one police officer to conspire with another to deprive an individual of his rights under section 1983.

This conclusion applies to Ms. Smith's case. Further, if the Court determines that there is a factual question as to the "routine" nature of the search, discovery is necessary answer this

question. It is too early to dismiss the conspiracy claim based on the intracorporate conspiracy doctrine.

Given Kivanc, Defendants' authority is inapplicable. Both Michelin v. Jenkins, 704 F.Supp. 1 (D.D.C. 1989) and Gladden v. Barry, 558 F.Supp. 676 (D.D.C. 1983) involved conspiracy claims under 42 U.S.C. § 1985, not § 1983, as here. As this Court stated in Tabb v. District of Columbia, 477 F.Supp.2d 185, 190 (D.D.C. 2007) and Tafler v. District of Columbia, No. 05-1563, 2006 U.S. Dist. LEXIS 81714, at *29 (D.D.C. Nov. 8, 2006):

> Federal district courts in the District of Columbia, however, consistently have applied the intracorporate conspiracy doctrine to Section 1985.

Both Tabb and Tafler, however, acknowledged Kivanc's refusal to "adopt a categorical policy" that it is legally impossible for police officers to conspire to deprive an individual's § 1983 rights. 477 F.Supp. at 190 fn 2; 2006 U.S. Dist. LEXIS 81714, at *30 fn. 5.

This Court should therefore deny dismissal of the § 1983 conspiracy claim on the basis of the intracorporate conspiracy doctrine.

### C. Defendants' Argument that the Court Should Dismiss Supplemental Jurisdiction Over Ms. Smith's Common Law Claims Is Premature.

Defendants' sole basis for dismissal of supplemental jurisdiction over Ms. Smith's common law claims is the presumption that this Court will dismiss the claims against the District of Columbia and Police Chief Lanier. (Def. Mem. at 11).[4] Moreover, only after discussing case law on supplemental jurisdiction do Defendants admit that "all defendants have not been served ...." Id. at 12.

---

[4] Defendants did not paginate the pages. The reference is to the electronic pagination.

The unserved defendants are the police officers. Ms. Smith has not served them because neither the Attorney General's officer nor the police department will make the officers available for service. Ms. Smith's counsel is in the process of serving the officers at their homes.

The time for service of the police officers has not run out. According to Fed. R. Civ. Pro. 4(m), the plaintiff has 120 days from the time of filing the complaint to serve defendants. Ms. Smith filed her Complaint on May 9, 2008. Therefore, she has sufficient time to serve the police officers.

Dismissing supplemental jurisdiction over Ms. Smith's common law claims prior to service on the officers is premature. The Court should deny Defendants' request.

## CONCLUSION

In light of the above, this Court should deny the motion to dismiss of Defendants District of Columbia and Police Chief Cathy L. Lanier as to the custom, policy and practice of lack of training on the District's part, the intracorporate conspiracy doctrine and supplemental jurisdiction.

Respectfully submitted,

June 27, 2008            /s/  **Lynn I. Miller**
                        Lynn I. Miller, #941559

June 27, 2008            /s/  **James R. Klimaski**
                        James R. Klimaski, #243543
                        Klimaski & Associates, P.C.
                        1625 Massachusetts Avenue NW – Suite 500
                        Washington, DC  20036-2245
                        202-296-5600
                        Miller@Klimaskilaw.com
                        Klimaski@Klimaskilaw.com

                        ***Attorneys for Leola Smith***

## Certificate of Service

I certify that the foregoing ***Plaintiff Leola Smith's Opposition to the Motion to Dismiss by District of Columbia and Chief Cathy Lanier*** will be served to the following counsel for Defendants in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on June 27, 2008:

DWAYNE C. JEFFERSON  
Assistant Attorney General  
Office of the D.C. Attorney General  
441 4th Street NW  
6th Floor South  
Washington, D.C. 20001  
(202) 741-0554 fax  
dwayne.jefferson@dc.gov  

                                                    */s/ Jon Pinkus*  
                                                    Jon Pinkus  
                                                    Klimaski and Associates, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEOLA SMITH**<br><br>   **Plaintiff**<br><br>   v.<br><br>**MPD CHIEF CATHY LANIER,**<br>**THE DISTRICT OF COLUMBIA,**<br>*et al.,*<br><br>   **Defendants** | Case No. 1:08–cv– 0808 –ESH<br><br>Judge Ellen Segal Huvelle |

**ORDER**

In light of Plaintiff's June 27, 2008, request to file her Opposition to Defendant District of Columbia and Police Chief Cathy Lanier's Motion to Dismiss which was filed on June 12, 2008, and any opposition and replies thereto, it is hereby

**ORDERED**  that the motion is granted, and the Opposition, lodged as an attachment to the motion, shall be considered timely filed on June 27, 2008.

   **SO ORDERED.**


_____                              _____
Date                                                Ellen Segal Huvelle
                                                    United States District Judge


Copies to Counsel
via the Court's CM/ECF System.