UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH, : | |
|     Plaintiff, : | |
| v. : | C.A. No.: 08-0808 (ESH) |
| CATHY L. LANIER, *et al.,* : | |
|     Defendants. : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE
ON BEHALF OF THE DISTRICT OF COLUMBIA AND POLICE CHIEF CATHY LANIER**

Defendants District of Columbia ("District") and Police Chief Cathy Lanier, by and through undersigned counsel, hereby submit their Opposition to Plaintiff's Motion to Alter or Amend Judgment of the Court's June 27, 2008, Minute Order Granting Defendants' Motion to Dismiss.[1] [Docket # 8]. Reinstatement would be futile because Plaintiff cannot demonstrate that her federal claims are meritorious, and the Court's Order of dismissal should be affirmed.

**PROCEDURAL POSTURE**

Plaintiff filed suit on or about May 9, 2008. On or about June 12, 2008, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). [Docket # 5]. By Minute Entry dated June 27, 2008, this Honorable Court granted Defendants' motion — dismissing all of Plaintiff's federal claims with prejudice, and her

---

[1] While Plaintiff claims that he miscounted the date on which the opposition was due, she fails to provide sufficient and justifiable reasons to support that her conduct constitutes excusable neglect.

state law claims without prejudice — because Plaintiff conceded Defendants' motion by failing to timely respond. *See* LCvR 7(b). Pursuant to Fed. R. Civ. P. 41(b), the dismissal resulting from Plaintiff's failure to comply with LCvR 7(b) operates as an adjudication on the merits.

On or about June 30, 2008, Plaintiff filed a Motion to Alter or Amend Judgment of the Court's June 27, 2008, Minute Order Granting the Motion to Dismiss of District of Columbia and Chief Cathy Lanier. [Docket # 8]. Plaintiff also submitted a proposed memorandum in opposition to Defendants' Motion to Dismiss. [Docket # 7-2]. On or about July 1, 2008, the Court informed undersigned counsel that Plaintiff's submission would be treated as a Motion to Reinstate, presumably under Fed. R. Civ. P. 60(b). Because the Complaint and the proffered opposition are insufficient as a matter of law to defeat the Defendants' Motion to Dismiss, reinstatement of Plaintiff's federal claims would be futile.[2]

**ARGUMENT**

**I.    MUNICIPAL LIABILITY**

Plaintiff's § 1983 claim should remain dismissed because the Complaint fails to allege facts showing that District police officers violated Plaintiff's constitutional rights pursuant to a municipal "policy or custom." Moreover, other than conclusory statements in her proffered opposition memo, Plaintiff fails to demonstrate that the Complaint recites any municipal liability allegations, nor has she alleged a pattern of events sufficient to satisfy the stringent requirements of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978). *See* Complaint, generally.

---

[2] Given the procedural posture of the case and, likewise, in an abundance of caution, Defendants hereby incorporate the contents of their Motion to Dismiss [Docket # 5] as if fully set forth herein.

Throughout the Complaint, Plaintiff contends that officers lacked probable cause to search her home due to numerous purported factual deficiencies in the warrant and/or its underlying affidavit.  *See* Complaint at ¶¶ 44 – 61, 65 and 70; *see also* Search Warrant & Affidavit (attached as Exhibit "A").  Then, in her proffered opposition memo, Plaintiff suggests that these Complaint allegations of purported police misconduct place this case "squarely within *Barnhardt v. District of Columbia*, 2008 WL 2331915 (D.D.C.2008), in which the Court denied a motion to dismiss a § 1983 claim based on failure to train." [Docket # 7-2 at p. 5].  Yet, the Complaint allegations in Barnhardt differ vastly from Leola Smith's Complaint allegations.  For instance, Barnhardt expressly alleged that officers approached him; threw a black bag containing drugs onto the bed of a pick-up truck; threw Plaintiff onto the pick-up truck; forced Plaintiff's hand to touch the black bag's surface; then arrested Plaintiff for a serious drug offense; partially strip searched him in the front yard; held him without bond for nearly seven (7) months; and then dropped the charges.  *See id*. at * 1.

In this case, Plaintiff's § 1983 claim is based solely upon the District's purported failure to properly train officers, "concerning writing an affidavit and obtaining a search warrant."  *See* Complaint at ¶ 105.  Even making all inferences in Plaintiff's favor regarding factual omissions (if any) in the affidavit and warrant, Plaintiff has not sufficiently pled that the warrant and affidavit are constitutionally deficient, and does not even allege that facts were omitted pursuant to a municipal "policy or custom." Accordingly, the dismissal of Plaintiff's 1983 claim should be affirmed.

**II.    INTRACORPORATE CONSPIRACY DOCTRINE**

Under the intracorporate conspiracy doctrine, two or more individuals within the same legal entity cannot form a legal conspiracy. *See Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 777, 104 S.Ct. 2731, 2744 (1984); *Okusami v. Psychiatric Institute of Washington*, 959 F.2d 1062 (D.C. Cir. 1992). However, in her proffered opposition memo, Plaintiff cites *Kivanc v. Ramsey*, 407 F.Supp.2d 270 (D.D.C. 2006) (Friedman, J.), in an attempt to support her generalized argument that the intracorporate conspiracy doctrine does not apply to § 1983 claims. [Docket # 7-2 at p. 9]. Yet, a fair reading of *Kivanc* reveals that Judge Friedman's ruling turned on the particular facts of the case — facts that are totally incongruent with allegations recited in Leola Smith's Complaint.

First of all, *Kivanc* stemmed from an incident in which police allegedly punched, kicked and hit plaintiff as he lay on the ground; jailed plaintiff overnight; conspired to cover up the assault and battery by preparing a false police report; and dropped all charges the next morning. Judge Friedman denied the District's motion for judgment on the pleadings because, "the decisions alleged to have been made by police officers in this case were not the product of routine police department decision-making, and therefore the conduct plaintiff challenges here does not fit the mold of the intracorporate conspiracy doctrine cases." *Kivanc*, 407 F.Supp.2d at 276.

The Complaint in this case does not on its face allege any agreement among the Defendants as alleged in *Kivanc*. Indeed, Plaintiff's factual allegation that Officer Ellingsworth (and no one else) prepared the affidavit for the warrant forms the basis of this lawsuit. *See* Exhibit "A." Secondly, unlike *Kivanc*, the act of preparing an affidavit

is exquisitely the product of "routine police department decision-making," such that the conduct Plaintiff challenges fits the mold of the intracorporate conspiracy doctrine. Plaintiff's conspiracy claim must not be reinstated.

        Respectfully Submitted,

        PETER J. NICKLES
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ___/s/ Dwayne C. Jefferson_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
        dwayne.jefferson@dc.gov

# Exhibit A

**SUPERIOR COURT OF THE DISTRICT OF CO[L]**
**SEARCH WARRANT**

TO:     CHIEF OF POLICE OR ANY OTHER LAW ENFORCEMENT OFFICER
(Specific Law Enforcement Officer or Classification of Officer of the Metropolitan Police Department or other Authorized Agency)

AFFIDAVIT, herewith attached, having been made before me by <u>Officer Thomas Ellingsworth, Badge # 3363</u> that he has probable cause to believe that on the premises known as <u>1812 9th St NW, Washington, D.C as described more fully in the Affidavit in Support of a D.C. Superior Court Search Warrant which is incorporated herein by reference</u> in the District of Columbia, there is now being concealed certain property, namely cocaine, <u>cocaine base, also known as crack cocaine, any other illegal controlled substances, narcotics paraphernalia, books, papers, record ledgers, safes and monies relating to or derived from the distribution of narcotics</u>

WHICH IS in violation of District of Columbia code 48-904.1 and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the above designated premises and that the foregoing grounds for issuance of the warrant exist.

YOU ARE HEREBY AUTHORIZED within 10 days of the date of issuance of this warrant to search in the daytime / at any time of the day or night, the designated premises for the property specified, and if the property be found there

YOU ARE COMMANDED TO SEIZE IT, TO WRITE AND SUBSCRIBE in an inventory of the property seized, to leave a copy of this warrant and return, and to file a further copy of this warrant and return with the Court on the next Court day after its execution.

Issued this __13th__ day of __July__, 2007     _____
                                                                                 Judge, Superior Court of the District of Columbia

## RETURN

I received the above warrant on __7-13-07__, 2007 and have executed it as follows: On __1855hr 7-H__, 2007 at __P__ M., I searched the __premises__ described in the warrant and I left a copy of the warrant and return with __ROBERT JONES__ properly posted.
(name of the person searched or owner, occupant, custodian or person present at place of search)

The following is an inventory of the property taken pursuant to this warrant:

2 BOXES OF .45 CAL AMMUNITION
MAIL

This inventory was made in the presence of __SGT. MOYE, OFC. PETZ, OFC. PEPPERMAN, OFC. YAMMINE, OFC. HARRIS, OFC. BAKER.__

I swear that this is a true and detaled account of all property taken by me under this warrant.

_____
Executing Officer

Subscribed and sworn to before me this __17__ day of __JULY__, 2007

_____
Judge, Superior Court of the District of Columbia

Form CD(17)-1055/Mar. 89
9-2794 wd-234

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

This affidavit is being submitted in support of an application for authorization to search the following address: The property commonly known as 1812 9th Street NW, Washington D.C. The property is further described as a reddish brick single family house with the numerals "1812" posted at the left of the front door in white on a dark background. The house door is described as a brown door with a wrought iron gate. The house is located on the southwest corner of 9th & Westminster St. NW. The entrance is on the 9th St. NW side of the house.

1)  This Affiant, Thomas Ellingsworth, has been a member of the Metropolitan Police Department for six years and is currently assigned to the Third District Vice Unit. This Affiant has participated in the arrest of over five hundred individuals for violation of the Washington D.C. and Federal Narcotics Code. This Affiant has also attended formal narcotics training from the Institute of Police Science and Drug Enforcement Administration. This training related to narcotics trafficking, distributors, financial investigation, seizure of narcotics and the conduct of narcotic investigations.

2)  Within the past seventy-two hours your Affiant was contacted by Metropolitan Police Department Confidential Informant in reference to illegal drug activity occurring within the premises known as 1812 9th Street NW, Washington D.C. The CI advised your Affiant that individuals are selling crack cocaine from within the residence. An M.P.D officer then met with the CI and searched "it" and found the CI to be free of any contraband or U.S. currency. The M.P.D. officer and the CI then traveled to the area where your Affiant provided the CI with Metropolitan Police Department funds and dropped "it" off. The M.P.D. then watched as the CI proceeded directly to 1812 9th Street NW and entered into the premises. Once inside the building the CI advised that "it" knocked on the house door and an unknown subject answered. The CI advised that "it" then advised the unknown subject of "it's" intention to purchase a quantity of cocaine and it was at that time that the unknown subject opened the door and the CI entered into the house. The CI then handed that individual the MPD funds in exchange for crack cocaine and exited the residence, meeting the M.P.D. officer at a pre-determined location. The CI then handed the M.P.D. officer a piece of white paper which contained a loose white rock like substance, a portion of which field tested positive for cocaine base. The CI was again searched and found to be free of any contraband or any additional U.S. currency. To your Affiants knowledge The CI has always provided officers with reliable information, and that information has led to the recovery of numerous items of contraband through the execution of more than twelve search warrants within the past six months.

3) In your Affiants training and experience, narcotic traffickers maintain additional narcotics, books, ledgers, records, receipts, notes, money orders, bank records, money, safety deposit keys, telephone numbers, pager numbers, photographs, and other papers relating to the transportation, ordering, sale and distribution of controlled substances. Also, these items are generally maintained in the trafficker's home or the home of an associate or relative where the trafficker can readily access them. Also, drug dealers keep proceeds of drug sales and records of their transactions in a secure location within their residences. It is also common practice for narcotics traffickers to utilize safes within their residences to safeguard and facilitate the concealment of the above described items and to use and possess paging devices and cellular phones to facilitate their distribution of narcotics.

4) Based upon the above facts and circumstances it is the belief of this Affiant that crack cocaine is being sold from within 1812 9th Street NW, Washington D.C. This is a violation of the Drug laws of the United States and the District of Columbia, and the information set forth in this affidavit provides probable cause to support that belief.

5) It is therefore respectfully requested that a D.C. Superior Court Search Warrant be issued for the premises known as 1812 9th Street NW, Washington D.C. for the seizure of any cocaine, cocaine base, also known as crack cocaine, any other illegal controlled substance, papers, record ledgers, safes, any monies relating to the distribution of narcotics, paraphernalia, proof of occupancy and any property derived from or for the distribution of narcotic paraphernalia.

Affiant  
_____  
Thomas Ellingsworth  
Element  
3/D VICE UNIT

Assistant United States Attorney  
_____  
M. Guerrero Jr.

SUBSCRIBED AND SWORN TO BEFORE ME THIS __13__ DAY OF __July__, 2007

JUDGE, SUPERIOR COURT OF THE DISTRICT COURT OF COLOMBIA

_____

(2)