UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH, | : |
|     Plaintiff, | : |
| v. | :    C.A. No.: 08-0808 (ESH) |
| CATHY L. LANIER, *et al.*, | : |
|     Defendants. | : |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON BEHALF OF
THOMAS ELLINGSWORTH, SIMON YAMMINE, AND MICHAEL PEPPERMAN**

Defendants Thomas Ellingsworth, Simon Yammine, and Michael Pepperman, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Honorable Court for an order:

1. Dismissing Plaintiff's Complaint against these defendants because they are entitled to the defense of qualified immunity.

2. Dismissing Count IV of the Complaint because Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

3. Refusing to exercise supplemental jurisdiction over Plaintiff's common law claims.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is a dispositive motion, Defendants are not required to confer with other parties per LCvR 7(m).

                                    Respectfully Submitted,

                                    PETER J. NICKLES
                                    Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


   /s/ Dwayne C. Jefferson
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | C.A. No.: 08-0808 (ESH) |
| : | |
| CATHY L. LANIER, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**MEMORANDUM AND POINTS OF AUTHORITIES SUPPORTING
DEFENDANTS' MOTION TO DISMISS**

In support of their dispositive motion, Defendants Ellingsworth, Yammine and Pepperman herein submit their memorandum of points and authorities.

**I.   STATEMENT OF FACTS**

This case stems from a July 14, 2007, (6:55 p.m.), search of Leola Smith's home at 1812 9th Street, NW.  *See* Complaint, generally.   Plaintiff alleges that Officer Thomas Ellingsworth, along with Officers Petz, Pepperman, Yammine, Harris, Baker and Sergeant Moye, executed a search warrant based on a defective affidavit that Officer Ellingsworth prepared in reliance on a confidential informant.  *See* Complaint at ¶¶ 43 – 61.  Plaintiff alleges that the officers broke into and ransacked her home and both basement apartments for more than an hour without finding any illegal drugs, drug paraphernalia or other contraband.  *See* Complaint at ¶¶ 30, 38 & 40.

Plaintiff was not at home when the search occurred, but her visiting nephew — Robert Jones — was allegedly placed in handcuffs during the search.  *See* Complaint at ¶¶ 25 – 27.  An unidentified lessee in one of the basement apartments was also

handcuffed during the search. *See* Complaint at ¶ 37. No arrests were made. *See* Complaint at ¶ 41. According to Plaintiff, the officers failed to leave a claim form concerning damage to her home and contents. *See* Complaint at ¶ 39.

Plaintiff argues that MPD violated her right against unreasonable searches and seizures guaranteed by the 4th Amendment to the U.S. Constitution and, thereby, violated the Civil Rights Act, 42. U.S.C. § 1983 (Counts I, II & III). Specifically, Plaintiff claims that: (1) the affidavit lacked facts sufficient to make Officer Ellingsworth's belief in probable cause reasonable; and (2) the warrant was facially deficient because it did not specify which of three entrances the officers should enter and, otherwise, did not specify whether the main house or one of two separate rental units was to be searched. Plaintiff also asserts civil conspiracy (Count IV), intentional tortious destruction of property (Count V), negligence (Count VI), respondeat superior (Count VII) and negligent training & supervision (Count VIII) claims against these Defendants. Plaintiff seeks $150,000 in compensatory damages in addition to unspecified sums as punitive damages and attorney fees. Further, Plaintiff requests an apology from Chief Lanier and the other officers. See Complaint at § XIII(a) through (d).

## STANDARD OF REVIEW

**II.    STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be

made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

## ARGUMENT

### III. DEFENDANTS ELLINGSWORTH, YAMMINE, AND PEPPERMAN ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity "is an immunity from suit rather than a mere defense to liability. . ."; thus, questions of immunity should be resolved "at the earliest possible stage of the litigation." *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991). After an assertion of qualified immunity, public officials are protected from suit if their official acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time of the alleged illegal action. *See Anderson v. Creighton,* 483 U.S. 635 (1987); *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). Plaintiff must prove that the actor's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has in fact been violated, then the court must assess "…whether it would be clear [or foreseeable] to a reasonable officer that his/her conduct was unlawful in the situation he/she confronted." *Saucier,* 533 U.S. at 202; *also see, Pugh v. Rockwall County,* 2000 U.S. Dist. LEXIS 3081 (N.D. Tex. 2000). Officials can only be held liable

in those instances when a plaintiff can prove that they were "deliberately indifferent" to a known risk of serious harm.

A police officer should prevail on the qualified immunity defense even if he/she is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson*, 483 U.S. at 638. As noted by Justice Scalia, "it is inevitable that law enforcement officials will, in some cases, reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." *Id.* at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law. A police officer therefore should prevail on a claim of qualified immunity if a reasonable police officer possessing the same information could have believed that his/her conduct was lawful. *District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C. 1994).

In this case, Plaintiff seeks to hold these Defendants liable because they purportedly broke down doors to the apartment she owned based on an allegedly "defective" warrant. *See* Complaint at ¶¶ 21, 22 and 43-51. While Plaintiff avers that defendant Ellingsworth deliberately and/or recklessly prepared a false affidavit, she admits that the search was pursuant to a warrant, and fails to plead sufficient facts to support that defendant Ellingsworth knew or should have known that the information he obtained from a confidential information was unreliable. *See* Complaint, generally.

According to the facts pled in the Complaint, the affidavit described the property as a "reddish brick single family house with the numbers 1812 posted to the left of the

door." Plaintiff does not dispute whether the address is correct. Instead, Plaintiff claims that the "2" had been missing for several years. *See* Complaint at ¶¶ 44-45. Additionally, Plaintiff avers that — while the affidavit states that a confidential informant apprised Defendant Ellingsworth that illegal drug activity had occurred on the premises of 1812 9th Street, N.W. — it did not specify what day in the preceding 72 hours Defendant Ellingsworth was contacted. *See* Complaint at ¶¶ 46-47.

These Defendants are protected by the doctrine of qualified immunity for their complained about actions. Pursuant to a search warrant that was issued, they sought to search the property listed on the search warrant for items identified on the warrant. *See* Complaint, generally. Plaintiff has not pled any facts to show that these Defendants knew or should have known that their actions violated her constitutional rights. *See* Complaint, generally. A reasonable police officer facing the same circumstances as these Defendant officers would have believed that their conduct was lawful. Accordingly, dismissal of this lawsuit against these Defendants is appropriate.

### IV.    PLAINTIFF'S CONSPIRACY CLAIM IS BARRED BY THE INTRACORPORATE CONSPIRACY DOCTRINE

Count IV of the Complaint suggests that Officers Ellingsworth, Petz, Pepperman, Yammine, Harris and Baker as well as Sergeant Moye conspired to violate Plaintiff's Fourth Amendment right against unreasonable searches and seizures. *See* Complaint at ¶ 87. Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. U.S.*, 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied*, 967 F. Supp. 572.

However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agents are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted). This general rule has been applied in cases involving the District and its agencies. *See Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983), and *Michelin v. Jenkins*, 704 F. Supp. 1 (D.D.C. 1989). In dismissing plaintiff's § 1985 claim in *Gladden*, for example, the court said that "the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity." *Gladden*, *supra*, 558 F. Supp. at 679. Plaintiff has alleged a single act — a purportedly unreasonable search —by a single entity, the District of Columbia acting through its agents at the Metropolitan Police Department. Therefore, Plaintiff has failed to plead facts to support a conspiracy claim against these Defendants. Therefore, Count IV must be dismissed.

V.  **THE COURT SHOULD NOT ASSERT SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS**

This Court should not assert "supplemental jurisdiction" over the state claims since there are no viable federal law claims in Plaintiff's Complaint. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). The factors to be considered by the court under the "supplemental jurisdiction doctrine" are (a) judicial economy, (b) convenience, (c) fairness, and (d) comity. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988). It is a well founded principle that federal courts should avoid making needless decisions concerning state law in an effort to allow the state courts to make decisions on laws well within their expertise. In *Gaubert v. Gray*, the Court dismissed plaintiff's constitutional claims on grounds of qualified immunity. 747 F. Supp. 40, 50 (D.C. Cir. 1990). Noting that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the court also dismissed the

plaintiff's four common law claims. *Id.* Citing the Supreme Court's decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the District Court wrote:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Gaubert*, 747 F. Supp. at 50.

In this case, Plaintiff has failed to plead a viable constitutional claim against these Defendants. Comity and justice mandates dismissal of Plaintiff's remaining common law claims, as this case is in its earliest stages of litigation, as all Defendants have not been served, nor has discovery begun.

**WHEREFORE**, based on the foregoing, Defendants respectfully request an Order dismissing with prejudice Plaintiff's Complaint against them.

> Respectfully Submitted,
>
> PETER J. NICKLES
> Acting Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> _____/s/_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV
>
> \_\_\_\_/s/ Dwayne C. Jefferson_____
> DWAYNE C. JEFFERSON [980813]
> Assistant Attorney General
> One Judiciary Square
> 441 4th St., N.W., 6th Floor South
> Washington, D.C. 20001
> (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
> dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA SMITH, | : |
|     Plaintiff, | : |
| v. | :  C.A. No.: 08-0808 (ESH) |
| CATHY L. LANIER, *et al.*, | : |
|     Defendants. | : |

## ORDER

UPON CONSIDERATION of Defendants Thomas Ellingsworth, Simon Yammine, and Michael Pepperman's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendants Ellingsworth Yammine and Pepperman are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

_____
**HON. ELLEN S. HUVELLE**
Judge, U.S. District Court
For the District of Columbia